IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 1:21-cr-146-HSO-BWR-1 |
| | § § | No. 1:22-cv-304-HSO |
| GEORGE MOJICA, II | § § § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GEORGE MOJICA, II'S MOTION [46] TO VACATE UNDER 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [46] of Defendant George Mojica, II ("Defendant" or "Mojica") to Vacate under 28 U.S.C. § 2255. After due consideration of the Motion [46], the record, and relevant legal authority, the Court is of the opinion that Defendant George Mojica, II's Motion [46] should be denied without an evidentiary hearing.

## I.   BACKGROUND

### A.   Mojica's guilty plea

On December 8, 2021, a grand jury returned a three-count indictment against Mojica in the above-referenced criminal case, 1:21-cr-146-HSO-BWR-1. *See* Red. Indict. [15]. Mojica was charged in Count 1 with possession of a firearm by a prohibited person who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in Count 2 with possession with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine, in violation of 21

U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2; and in Count 3 with

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c)(1)(A). *Id.* at 2-3.

On April 29, 2022, Mojica entered a plea of guilty as to Count 2 of the

Indictment, pursuant to a written Plea Agreement [31] and Plea Supplement [32]

with the Government, which he signed. *See* Minute Entry, Apr. 29, 2022. In signing

the Plea Agreement, Mojica plainly affirmed his understanding of his possible

sentencing exposure:

> Defendant understands that the penalty for the offense charged in
> Count Two of the Indictment . . . is not less than 5 years and not more
> than 40 years; a term of supervised release of at least 4 years; and a fine
> of not more than $5,000,000, and a $100.00 special assessment.

Plea Agree. [31] at 1. Mojica also acknowledged that he understood that the United

States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") were

> advisory only and that Defendant and Defendant's attorney have
> discussed the fact that the Court must review the Guidelines in reaching
> a decision as to the appropriate sentence in this case, but the Court may
> impose a sentence other than that indicated by the Guidelines if the
> Court finds another sentence would be more appropriate. Defendant
> specifically acknowledges that Defendant is not relying upon anyone's
> calculation of a particular Guideline range for the offense to which
> Defendant is entering this plea, and recognizes that the Court will make
> the final determination of the sentence and that Defendant may be
> sentenced up to the maximum penalties set forth above.

*Id.* at 2.

The Plea Agreement also contained several written waivers, including a

waiver of the right to contest the conviction and sentence or the manner in which

the sentence was imposed in any post-conviction proceeding, including in a motion

brought under 28 U.S.C. § 2255, except that Defendant reserved the right to raise ineffective assistance of counsel claims. *Id.* at 5-6.

Mojica confirmed his understanding of these issues to the Court verbally, under oath, at the change-of-plea hearing. Specifically, the Government read into the record certain waivers of rights included in the Plea Agreement [31], including "the right to contest the conviction and sentence or the manner in which sentence was imposed in any post-conviction proceeding on any grounds whatsoever, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." Plea Tr. [52] at 10-11 (filed as restricted). When asked if he understood and agreed with those terms and conditions, Mojica replied, "I do." *Id.* at 12.

Thereafter, the Court informed Mojica that the maximum and mandatory minimum penalties to which he would be exposed by pleading guilty to Count 2 included a term of imprisonment of not less than five years, up to a maximum of 40 years. *Id.* at 18. The Court queried Mojica, "[d]o you understand that those are the maximum and mandatory minimum penalties to which you would be exposed by pleading guilty to this charge?" *Id.* at 18-19. Under oath, Mojica replied "I do." *Id.* The Court also confirmed Mojica's understanding that the sentence ultimately imposed by the Court could be different from any estimate given by his attorney, and that the Court could, in its discretion, sentence him up to the maximum prison sentence provide by statute. *Id.* at 22-23.

The Court then asked the Government to state into the record the facts that it would be prepared to prove if the case went to trial. It instructed Mojica: "I want you to listen very carefully to what she has to say because when she's finished I'm going to ask you if you understand and agree with everything she has to say." *Id.* at 28. The Government then stated the following facts:

> Specifically, on or about November 8 of 2021, in Jackson County, in the Southern Division of the Southern District of Mississippi, Mr. Mojica was traveling as a passenger in a car on I-10. An officer conducted a traffic stop on the vehicle for committing a traffic violation. Upon contact with the driver and separating him from Mr. Mojica, the officer inquired about their points of travel. The officer was given conflicting information and the officer asked for a consent to search the vehicle. The driver denied consent. The officer had his K9 in the vehicle and decided to conduct a search around the exterior of the vehicle. The K9 alerted to the presence of controlled substances in the vehicle. Upon searching inside the vehicle, the officer located a small zippered bag that was locked. Mr. Mojica claimed ownership of the bag and unlocked it. Inside the bag agents located a small bag containing a crystal substance and several smoking pipes. Mr. Mojica was provided his Miranda warnings and agreed to talk to the officers. He stated his cousin had provided him a gun to drive back to California. And the officers located a Savage 224 Valkyrie rifle, model MSR-15, in the vehicle. And later the officer learned it had been reported stolen. The officer also found two briefcases inside the vehicle. Inside one, the officers located more controlled substances, including more of the crystal substance, more drug paraphernalia, and a Ruger 1022 rifle with a sawed off barrel and ammunition. The substances located in the car were later sent to the United States DEA Crime Laboratory, and a chemist would testify to the identification of the controlled substances. One exhibit was identified as .81 grams of fentanyl; another exhibit was identified as 350 grams of methamphetamine that had a 96 percent purity; another exhibit was identified as .1 grams of methamphetamine with a 99 percent purity; and another exhibit identified as 2.8 grams of fentanyl.

*Id.* at 28-30. The Court confirmed with Mojica that he heard and understood the above statements. *Id.* at 30. When the Court asked him, "[d]o you agree with those facts?" Mojica replied, "[y]es." *Id.* When the Court asked him "[i]s that what

4

happened in this case?" Mojica replied, "[y]es, it is." Based on these sworn

statements and the plea colloquy as a whole, the Court accepted Mojica's plea, and

found that he had knowingly and voluntarily pleaded guilty to Count 2. *Id.* at 30-31.

B.      Mojica's sentencing

Prior to Mojica's sentencing hearing, the United States Probation Office

prepared a Presentence Investigation Report ("PSR"). The PSR calculated Mojica's

total offense level under the Guidelines as 33, his criminal history category as V,

and his Guidelines imprisonment range as 210 to 262 months. PSR [37] at 24 (filed

under seal).

At Mojica's sentencing hearing on August 23, 2022, the PSR was adopted by

this Court with no objections. Sent. Tr. [53] at 2. Under oath, Mojica confirmed that

his attorney reviewed the PSR with him, that he was able to ask her any questions

he had about it and understood her answers to those questions, and that he agreed

with his attorney that he had no objections to the PSR. *Id.* at 3-4. The Court

informed Mojica that he had "what's known as the right of allocution, that is your

opportunity to address the Court and say anything that you would like to say on

your own behalf before the Court imposes a sentence." *Id.* at 5. Mojica thanked the

Court for letting him speak, and spoke of his regret regarding his actions, his faith,

his family, and his hopes for becoming "a productive member of society again . . .

upon [his] eventual release" from prison. *Id.* at 5-6. Before proceeding to sentencing,

the Court also informed Mojica of his right to appeal:

> **THE COURT:** All right. Before I go any further, Mr. Mojica, one thing
> I do need to explain to you is that as part of your plea agreement in this

5

case, you waived the right to appeal your conviction and your sentence. If for some reason you decided that you wanted to try to appeal anyway, you can ask your attorney to file a notice of appeal for you. If for some reason she cannot or will not do that, you can file one yourself. All you have to do is write on a piece of paper that you wish to appeal, sign it, and then mail it in to the clerk of court, but you only have 14 days to do that from the date I enter a written judgment in your case; do you understand that, sir?

**DEFENDANT:** Yes, sir.

*Id.* at 8-9. As to Count 2, the Court sentenced Mojica to 236 months imprisonment, five years of supervised release, and a $100 special assessment. *See* Minute Entry, entered Aug. 23, 2022. The remaining Counts 1 and 3 were dismissed on motion by the Government. *Id.*

C.     Mojica's § 2255 Motion

On October 31, 2022, Mojica timely filed the present Motion [46] to Vacate under 28 U.S.C. § 2255, stating that "he is not challenging the conviction, and validity thereof," but that he is challenging "under Fifth Amendment Due Process and Equal Protection Laws – as well as . . . ineffective assistance of counsel." Mot. [46] at 2. Mojica alleges four grounds in support of his ineffective assistance of counsel claim: (1) that counsel "badgered" Mojica to cooperate with the Government, which he ultimately refused; (2) that counsel failed to "correct" the fact that Mojica's prior convictions, which were "construed as felonies" for the purpose of calculating his Guidelines range of imprisonment, were in fact misdemeanors; (3) that counsel "promptly withdrew" without discussing post-conviction relief or the possibility of appeal; and (4) that counsel failed to petition for a change of venue to California, New York, Florida, or any other location where Plaintiff claims he would not have

suffered "invidious discrimination" against him on the basis of his race. Mot. [46] at

4-10. In addition to ineffective assistance of counsel claims, Mojica also alleges: (1)

violation of equal protection and due process rights on the basis that Mojica was

discriminated against for being Hispanic, both during the initial traffic stop that led

to his arrest, and at sentencing, which he alleges resulted in a disparate prison

sentence, *id.* at 5-6, 9; (2) that Mojica was not given the right of allocution at

sentencing, *id.* at 7; and (3) that his prior convictions were incorrectly counted as

felonies rather than misdemeanors.

Mojica's former counsel, Leilani L. Tynes ("Tynes"), submitted an Affidavit

[48] "deny[ing] that [she] ever 'badgered' or pressured Mr. Mojica into cooperating

with the government in this matter." Affidavit [48] at 2. She further states that two

of Mojica's prior convictions were classified as felonies at the time of conviction, but

that they were reduced to misdemeanor offenses in 2016. *Id.* at 2-3. She stated:

> Section 4A1.1 specifically provides that three points should be added for
> each prior sentence of imprisonment exceeding one year and one month.
> The commentary specifically provides that "[t]o minimize problems with
> imperfect measures of past crime seriousness, criminal history
> categories are based on the maximum term imposed in previous
> sentences rather than on other measures, such as whether the
> conviction was designated a felony or misdemeanor." U.S.S.G. § 4A1.1,
> comment. (backg'd). I fully investigated Mr. Mojica's prior criminal
> history including requesting complete records from California. **I
> discussed this issue in detail with Mr. Mojica when reviewing
> the pre-sentence report and he acknowledged and agreed with
> my assessment not to file an objection to the pre-sentence report
> on this basis.**

*Id.* at 3 (emphasis added). Tynes also described "fully discuss[ing]" the appeal and

post-conviction waivers and procedures, and noted that Mojica never asked her to

file an appeal, or indicated that he wished to appeal. *Id.* at 3-4. Finally, she noted

that she "fully explored any issues surrounding the stop and ultimate search" of

Mojica's vehicle, that a decision was made that there would be no merit to a

suppression motion, as Mojica made numerous admissions during the traffic stop

prior to his arrest, and that Mojica "fully allocuted at his sentencing hearing." *Id.* at

4.

The Government responds that all of Mojica's challenges are barred by his

guilty plea and waivers of post-conviction relief, except for his ineffective assistance

of counsel claims, and that those other claims are also meritless. Resp. [51] at 7-11.

It further asserts that Mojica's remaining challenges must fail because "[n]ot only

has Mojica failed to demonstrate his lawyer was ineffective, but also he has not

shown that the result would have been any different." *Id.* at 11.

Based on a careful review of the record and relevant legal authority, the

Court finds that Mojica's Motion [46] to Vacate under 28 U.S.C. § 2255, should be

denied without an evidentiary hearing.

## II. DISCUSSION

### A. Relevant legal standards

There are four narrow grounds upon which a federal prisoner may move to

vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255: (1) the

sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the

statutory maximum; or (4) the sentence is "otherwise subject to collateral attack."

28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

Upon a finding that any one of these four grounds for relief are present, the Court

"shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear

appropriate." 28 U.S.C. § 2255(b).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255

motion because it raises an issue of constitutional magnitude and, as a general rule,

cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th

Cir. 2002); *United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996). To prevail

on an ineffective assistance of counsel claim, a defendant must show (1) deficient

performance, in that counsel's representation fell below an objective standard of

reasonableness, and (2) that counsel's ineffective assistance was prejudicial.

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Valdez*, 973

F.3d 396, 402 (5th Cir. 2020). Failure to establish either prong of the *Strickland* test

defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To establish deficient performance, a defendant must overcome the strong

presumption that counsel rendered adequate assistance and exercised reasonable

professional judgment. *Strickland*, 466 U.S. at 690; *United States v. Rivas-Lopez*,

678 F.3d 353, 357 (5th Cir. 2012). Counsel's performance is to be accorded "a heavy

measure of deference." *Rivas-Lopez,* 678 F.3d at 357 (quoting *Cullen v. Pinholster*,

563 U.S. 170, 197 (2011)). To demonstrate prejudice, "the defendant must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"The likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

B.      Mojica's ineffective assistance of counsel claims fail under the *Strickland* test

1.      Mojica cannot establish deficient performance

Mojica cannot establish that his counsel's representation fell below an

objective standard of reasonableness because his own sworn statements are entitled

to a strong presumption of truthfulness, *see McClinton v. United States*, No.

2:10CR160-SA-JMV, 2016 WL 7191706, at *4 (N.D. Miss. Dec. 12, 2016), and the

Court affords "great weight to [his] statements at the plea colloquy," *United States*

*v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). At his Plea Hearing, when asked if

he was "fully satisfied with the counsel, representation and advice given to [him] in

this case by [his] attorney," Mojica replied, "[y]es." Plea Tr. [52] at 8-9. The Court

then stated, "[if] you have any complaints or objections whatsoever regarding the

services provided to you by your attorney, now is the time to make them; do you

have any?" *Id.* at 9. Mojica replied, "[n]o, I don't." *Id.* In light of the strong

presumption of objective reasonableness of counsel's representation, *see Strickland*,

466 U.S. at 690, and the heavy weight of Mojica's sworn statements, *see Cothran*,

302 F.3d at 283-84, the Court finds that Mojica's complaints that his attorney

"badgered" him to cooperate with the Government, failed to petition for a change of

venue, or that her services otherwise fell below an objective standard of

10

reasonableness before the plea hearing fail to satisfy the first prong of the
*Strickland* test.

2.      Mojica cannot establish prejudice

Mojica also cannot meet the second prong of the *Strickland* test. First, even if
Tynes had "badgered" Mojica about cooperating with the Government, the record
indicates that no such cooperation ever took place. Indeed, Mojica himself states
that he refused to cooperate despite any "badgering." Mot. [46] at 4. Mojica fails to
show any likelihood that, had Tynes not offered advice that Mojica ultimately
elected not to follow, the outcome of his proceedings would be different. *See
Strickland*, 466 U.S. at 694. This is insufficient to show prejudice.

Mojica's next complaint, that Tynes failed to address the fact that his prior
convictions were misdemeanors and not felonies for purposes of the Guidelines, fails
because, as Tynes explained in her affidavit, the "correction" would not have
changed Mojica's Guidelines range or criminal history calculation. Affidavit [48] at
3 (citing U.S.S.G. § 4A1.1); *Gonzalez-Velasquez v. United States*, No. 2:09-CV-0208,
2011 U.S. Dist. LEXIS 152607, at *18-19 (N.D. Tex. Nov. 23, 2011) ("Section 4A1.1
does not distinguish between the class of offense, i.e., whether the offense was a
misdemeanor or a felony but, instead, bases criminal history points on the length of
sentence received."); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)
(explaining that the failure of counsel to urge a meritless or futile motion does not
prejudice a defendant because there is no reasonable probability of a different
outcome).

Similarly, Mojica's claim that Tynes should have requested a change of venue fails because he admitted that all of the underlying facts in this case took place in Mississippi, rendering venue improper anywhere else. *See* Plea Tr. [52] at 28-30 (Mojica admitting the factual basis that stated that the offense charged in Count 2 occurred on or about November 8, 2021, in Jackson County, in the Southern Division of the Southern District of Mississippi); *United States v. McLeod*, No. 1:20-cr-00065-GHD-DAS, 2021 U.S. Dist. LEXIS 128384, at *3 (N.D. Miss. July 8, 2021) ("Under the Sixth Amendment to the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure, venue in a criminal matter is proper in any judicial district where the crime was committed.") (citing *United States v. Dupre*, 117 F.3d 810, 822 (5th Cir. 1997)).

Finally, Mojica cannot demonstrate prejudice even if Tynes failed to discuss post-conviction relief or the appeals process with him, because the Court advised him of the same at his sentencing hearing, Mojica confirmed his understanding under oath, and he does not claim that he ever requested, wished, or intended to file an appeal. Sent. Tr. [53] at 8-9; Mot. [46] at 4-5. Although the Fifth Circuit has recognized that counsel is constitutionally required to "fully inform" the defendant of his appellate rights, "[t]o meet the *Strickland* prejudice requirement for such a claim, [a defendant] must show that counsel's failure to fully inform him of his appellate rights actually caused him to lose the right to appeal." *Bernal v. United States*, No. 7:14-CV-315, 2018 U.S. Dist. LEXIS 248577, at *21 (S.D. Tex. Mar. 12, 2018) (citing *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999) (internal

quotations omitted)). Like the movant in *Bernal,* Mojica fails to make this showing because he does "not suggest in his testimony that he failed to pursue an appeal **because** he was unaware that he could request to proceed in forma pauperis or that he could request appointed appellate counsel. . . . [and he] has never indicated that but for counsel's failure to advise him of those particular rights, he would have timely appealed his case." *Id.* at \*23-24 (emphasis added).

C.      Mojica's remaining grounds for relief are barred by the written waivers in the Plea Agreement [31]

The Court is of the opinion that Mojica's argument for relief on any of his remaining grounds should be denied because he plainly waived these claims pursuant to his Plea Agreement [31] with the Government. A defendant can waive his right to file a § 2255 motion if the waiver is knowing and voluntary. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). As previously discussed, Mojica waived various rights pursuant to the Plea Agreement [31], including the "right to contest his conviction and sentence, or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255," except for claims for ineffective assistance of counsel. Plea Agree. [31] at 5-6. At the plea hearing, the Court reviewed these waivers with Mojica, and he confirmed his understanding:

> **THE COURT:** Have you read each and every one of these waivers, Mr. Mojica?
> **DEFENDANT:** Yes, I have.
> **THE COURT:** Have you discussed them with your attorney and asked her any questions you had about them?

**DEFENDANT:** I have.
**THE COURT:** Did you understand her answers?
**DEFENDANT:** I did.
**THE COURT:** Do you understand what these waivers mean and what their consequences are?
**DEFENDANT:** I do.
**THE COURT:** And do you fully and completely understand and knowingly and voluntarily agree to all these waivers, along with all of the other terms of the plea
agreement, the plea supplement, and the agreed preliminary order of forfeiture?
**DEFENDANT:** Yes.

Plea Tr. [52] at 17.

Any challenges brought by Mojica outside of his ineffective assistance of counsel claims fall within the written waiver of his right to bring a § 2255 motion. This Court has already concluded that Mojica's acceptance of the Plea Agreement [31] and all of its provisions was knowing and voluntary, and Mojica has not argued otherwise. *See* Mot. [46]. Indeed, he acknowledges that he is not challenging the validity of his conviction. *Id.* at 2. Moreover, Mojica's sworn statements are entitled to a strong presumption of truthfulness, namely that he understood that he was forfeiting these claims and that he voluntarily chose to do so. *See McClinton*, 2016 WL 7191706, at *4. The Court therefore finds that Mojica validly waived his right to contest his conviction and sentence on any remaining grounds.

## III.   CONCLUSION

Because the Motion [46] and record conclusively show that Defendant George Mojica, II is entitled to no relief, the Court finds that his Motion [46] to Vacate under 28 U.S.C. § 2255, should be denied without an evidentiary hearing. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (a defendant is only entitled

to an evidentiary hearing on a § 2255 motion if he has presented "independent

indicia of the likely merit of his allegations" (internal citations omitted)).

Accordingly,

    **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant George

Mojica, II's Motion [46] to Vacate under 28 U.S.C. § 2255, is **DENIED** without an

evidentiary hearing.

    **SO ORDERED AND ADJUDGED**, this the 2nd day of March, 2023.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE